UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Maryann Wallace, Plaintiff, vs. Landmark Construction Company, Inc., Defendant. | CASE NO.: ______________ **COMPLAINT** **JURY TRIAL DEMANDED** |

**JURISDICTION, VENUE AND PARTIES**

**ONE:** This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"); 42 U.S.C. §1981; and the Equal Pay Act of 1963, 29 U.S.C. §206(d), enforced through 29 U.S.C. §216(b) ("EPA"). Plaintiff seeks relief for discrimination, harassment, and retaliation because of race, color, religion, and sex, and for sex-based unequal pay.

**TWO:** This Court has subject-matter jurisdiction under 28 U.S.C. §§1331 and 1343(a)(3)–(4), 42 U.S.C. §2000e-5(f)(3), and 29 U.S.C. §216(b).

**THREE:** Venue is proper in this District and Division under 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3) because the unlawful employment practices were committed in Berkeley County, where Plaintiff worked, and Defendant is headquartered in Charleston County, both within the Charleston Division.

**FOUR:** Plaintiff has satisfied the administrative prerequisites to suit under Title VII:

a. On October 22, 2025, Plaintiff filed a sworn Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC"), dual-filed with the South Carolina Human Affairs Commission. The Charge alleged discrimination and harassment because of race, color, sex, and religion, and retaliation, including unequal pay and training, reduced hours, reassignment to a more distant worksite, and termination. The EEOC assigned it Charge No. 415-2026-00338.

b. The Charge was filed within 300 days of the unlawful employment practices alleged, which occurred between approximately January 23, 2025 and August 21, 2025.

c. On August 10, 2026, the EEOC issued a Determination and Notice of Rights dismissing the Charge and notifying Plaintiff of her right to sue. Plaintiff received the Notice on that same day.

d. This Complaint is filed within 90 days of Plaintiff's receipt of the Notice.

e. Plaintiff's claims under 42 U.S.C. §1981 and the EPA do not require a charge of discrimination. They are timely under 28 U.S.C. §1658(a) and 29 U.S.C. §255(a), respectively.

**FIVE:** Plaintiff Mary Ann Wallace is a citizen and resident of Berkeley County, South Carolina.

**SIX:** Defendant Landmark Construction Company, Inc. ("Landmark" or "Defendant") is, upon information and belief, a South Carolina corporation with its principal place of business at 8740 North Park Boulevard, Suite 102, Charleston, South Carolina 29406. It does business in Charleston and Berkeley Counties.

**SEVEN:** Defendant is a "person" and an "employer" within the meaning of 42 U.S.C. §2000e(a) and (b). It is engaged in an industry affecting commerce and has employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Upon information and belief, Defendant employs more than 200 employees.

**EIGHT:** Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r) and (s), and an "employer" within the meaning of 29 U.S.C. §203(d).

**NINE:** All acts and omissions alleged in this Complaint occurred in the State of South Carolina.

## STATEMENT OF FACTS

**TEN:** Plaintiff is a Black, African American woman. She has been a practicing Jehovah's Witness since 1988.

**ELEVEN:** Defendant, a civil construction company, hired Plaintiff on or about May 20, 2024, as an Office Support Person. Defendant knew Plaintiff's race, color, and sex when it hired her, and learned of her religion shortly thereafter. Eventually, Plaintiff also worked as a Field and Grading Engineer.

**TWELVE:** Plaintiff earned $18.00 per hour when she was hired. She earned the same on the day Defendant terminated her. Defendant never gave her a raise.

**THIRTEEN:** Plaintiff satisfactorily performed the essential functions of her job. Before August 4, 2025, Defendant had never disciplined her in writing, and it never gave her a formal performance evaluation.

**FOURTEEN:** Beginning in or about January 2025, Plaintiff worked in the on-site office alongside Dusti Dotson, a Caucasian co-worker. Plaintiff had told Ms. Dotson that she is a Jehovah's Witness.

**FIFTEEN:** Beginning on or about January 23, 2025, and continuing through at least June 9, 2025, Ms. Dotson repeatedly played audio and video recordings and podcasts at her desk during work hours, in Plaintiff's presence. The recordings disparaged Jehovah's

Witnesses and contained disparaging remarks about Black people. Ms. Dotson would play the recordings daily, and would turn the volume up to ensure Plaintiff could hear the disparaging remarks made therein.

**SIXTEEN:** Among other things, one recording included a speaker saying that he or she would "pepper spray" a Jehovah's Witness, and another stated that "Trump is trying to keep the black jobs."

**SEVENTEEN:** Plaintiff asked Ms. Dotson to stop. Ms. Dotson did not, even though she could have listened with headphones, turned down the volume, or listened to them outside of work hours. However, despite Plaintiff's request for her to stop such conduct, Ms. Dotson continued to loudly play the recordings.

**EIGHTEEN:** The conduct was unwelcome. It was directed at Plaintiff's religion and race, it included a reference to violence against members of her faith, and it recurred over five months in the small office where Plaintiff worked. Plaintiff found it offensive and humiliating, and it interfered with her work.

**NINETEEN:** Ms. Dotson's supervisor was James Jolly. Beginning on or about late January or early February, 2025, Plaintiff reported the recordings to Mr. Jolly 6 times, and to supervisor Wade Mixon, and told him she believed they were discrimination because of her religion, race, and color.

**TWENTY:** Mr. Jolly and Mr. Mixon were Defendant's supervisors, and their knowledge of Plaintiff's complaints is attributable to Defendant. Defendant took no corrective action in response to the reports to Mr. Jolly before June 9, 2025.

**TWENTY-ONE:** On or about June 9, 2025, Plaintiff submitted a written complaint to Defendant's Human Resources Department. She stated, among other things, that she was experiencing a pattern of workplace discrimination related to her religion, that Ms. Dotson played audio clips derogatory toward her religion, that Defendant had not increased her pay, and that Defendant had not given her a formal performance evaluation.

**TWENTY-TWO:** Defendant's response was inadequate. Defendant did not discipline Ms. Dotson and Defendant reassigned Plaintiff to a job site farther away instead of moving Ms. Dotson.

**TWENTY-THREE:** Defendant hired men after Plaintiff, who were hired as Field and Grading Engineers, the same position as Plaintiff. Their jobs required equal skill, effort, and responsibility to Plaintiff's and were performed under similar working conditions at the same establishment.

**TWENTY-FOUR:** Those male employees started at higher pay than Plaintiff, received a raise on completing their 90-day probationary period, and received evaluations and training opportunities.

**TWENTY-FIVE:** Defendant promised Plaintiff that she would receive a raise after she completed her 90-day probationary period. She completed that period and never received a raise.

**TWENTY-SIX:** Plaintiff requested training opportunities that Defendant gave to the male employees. Defendant did not give them to her.

**TWENTY-SEVEN:** Plaintiff did not learn until July and August of 2025 that men hired after her had received raises and training that she was denied.

**TWENTY-EIGHT:** Each time Defendant paid Plaintiff at the lower rate, it applied a discriminatory compensation decision to her, including within the 300 days before she filed her Charge. See 42 U.S.C. §2000e-5(e)(3)(A).

**TWENTY-NINE:** After her complaints, Defendant reassigned Plaintiff to a worksite approximately two hours farther from her home than the site she was hired to work at. Plaintiff had never been assigned to that site before. Ms. Dotson stayed in her location.

**THIRTY:** On August 4, 2025, eight weeks after Plaintiff's June 9 complaint, Defendant, through supervisor Rikki White, gave Plaintiff a written reprimand. It was her first.

**THIRTY-ONE:** On August 6, 2025, Plaintiff submitted a rebuttal disputing the reprimand and complaining that she was being treated differently because of her race, sex, and religion, and that men hired after her received raises and training she was denied.

**THIRTY-TWO:** A few days after her rebuttal, Defendant cut Plaintiff's hours roughly in half.

**THIRTY-THREE:** On or about August 13, 2025, Plaintiff wrote to Human Resources that she had taken any concerns she had to Mr. Mixon or Mr. Jolly.

**THIRTY-FOUR:** On August 18, 2025, twelve days after Plaintiff's rebuttal, Defendant terminated her employment. Defendant gave Plaintiff no reason for the termination at that time.

**THIRTY-FIVE:** Defendant has since asserted that it terminated Plaintiff for unsatisfactory performance, including errors in processing tickets and credit cards, and for the contents of her rebuttal. Those reasons are pretext. Among other things:

a. the August 4 reprimand was Plaintiff's first discipline in about fourteen months of employment, and it came eight weeks after she complained of religious harassment;

b. Plaintiff had not been told of any credit-card concern before the reprimand;

c. other employees who made similar errors were not disciplined;

d. Defendant gave no reason at the time of termination and later offered reasons that include the rebuttal Plaintiff wrote in response to the reprimand; and

e. the reprimand, the reduction in hours, and the termination followed Plaintiff's complaints in close succession.

**THIRTY-SIX:** As a result of Defendant's conduct, Plaintiff has lost wages and benefits, including pay at approximately $18.00 per hour, and the raises she was denied. She has suffered emotional distress, humiliation, anxiety, and loss of enjoyment of life, and has incurred expenses looking for other work.

## FOR A FIRST CAUSE OF ACTION

## RACE AND COLOR DISCRIMINATION – TITLE VII

**THIRTY-SEVEN:** Plaintiff incorporates paragraphs 1 through 36 as if fully set forth in this count.

**THIRTY-EIGHT:** Plaintiff is Black and a member of a protected class because of her race and color. She was qualified for her position and performed it satisfactorily.

**THIRTY-NINE:** Defendant discriminated against Plaintiff because of her race and color with respect to the terms, conditions, and privileges of her employment, in violation of 42 U.S.C. §2000e-2(a), by:

a. paying Plaintiff less than, and denying her the raises, evaluations, and training given to, similarly situated white employees;

b. permitting a similarly situated Caucasian employee to play audio recordings or streams that included disparaging and discriminatory remarks regarding African Americans in the presence of Plaintiff;

c. reassigning Plaintiff to a distant worksite and cutting her hours; and

d. terminating her employment.

**FORTY:** Plaintiff's race and color were a motivating factor in these decisions. 42 U.S.C. §2000e-2(m).

**FORTY-ONE:** Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights.

**FORTY-TWO:** Defendant's conduct caused Plaintiff the damages described in paragraph 36.

## FOR A SECOND CAUSE OF ACTION

## SEX DISCRIMINATION – TITLE VII

**FORTY-THREE:** Plaintiff incorporates paragraphs 1 through 36 as if fully set forth in this count.

**FORTY-FOUR:** Plaintiff is a woman and a member of a protected class because of her sex. She was qualified for her position and performed it satisfactorily.

**FORTY-FIVE:** Defendant discriminated against Plaintiff because of her sex with respect to the terms, conditions, and privileges of her employment, in violation of 42 U.S.C. §2000e-2(a), by:

a. paying Plaintiff less than, and denying her the raises, evaluations, and training given to, similarly situated men hired after her; and

b. terminating her employment.

**FORTY-SIX:** Plaintiff's sex was a motivating factor in these decisions. 42 U.S.C. §2000e-2(m).

**FORTY-SEVEN:** Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights.

**FORTY-EIGHT:** Defendant's conduct caused Plaintiff the damages described in paragraph 36.

**<u>FOR A THIRD CAUSE OF ACTION</u>**

**RELIGIOUS DISCRIMINATION – TITLE VII**

**FORTY-NINE:** Plaintiff incorporates paragraphs 1 through 36 as if fully set forth in this count.

**FIFTY:** Plaintiff is a Jehovah's Witness and a member of a protected class because of her religion. She was qualified for her position and performed it satisfactorily.

**FIFTY-ONE:** Defendant discriminated against Plaintiff because of her religion, in violation of 42 U.S.C. §2000e-2(a), by reassigning her to a distant worksite, cutting her hours, and terminating her employment while treating employees who do not share her faith more favorably.

**FIFTY-TWO:** Plaintiff's religion was a motivating factor in these decisions. 42 U.S.C. §2000e-2(m).

**FIFTY-THREE:** Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights.

**FIFTY-FOUR:** Defendant's conduct caused Plaintiff the damages described in paragraph 36.

**<u>FOR A FOURTH CAUSE OF ACTION</u>**

**HOSTILE WORK ENVIRONMENT – TITLE VII (RACE, COLOR, AND RELIGION)**

**FIFTY-FIVE:** Plaintiff incorporates paragraphs 1 through 36 as if fully set forth in this count.

**FIFTY-SIX:** Plaintiff was subjected to unwelcome harassment because of her race, color, and religion, as described in paragraphs 14 through 18.

**FIFTY-SEVEN:** The harassment was severe or pervasive enough to alter the conditions of Plaintiff's employment and create an abusive working environment. It recurred over five months in a small office, it included a reference to violence against members of Plaintiff's faith, made disparaging and discriminatory remarks regarding Plaintiff's faith and race, and it interfered with Plaintiff's work. Plaintiff subjectively found the environment hostile, and a reasonable person in her position would have as well.

**FIFTY-EIGHT:** Defendant is liable because it knew or should have known of the harassment and failed to take prompt and effective remedial action. Defendant's supervisors received Plaintiff's reports beginning on or about February 2025, and Defendant's Human Resources Department received her written complaint on June 9, 2025. Defendant's response was inadequate in that it was delayed from February to June 9, 2025; it did not discipline Ms. Dotson; and it burdened Plaintiff rather than Ms. Dotson by reassigning her to a location farther away; cut her hours; and terminated her.

**FIFTY-NINE:** The harassment was a continuing violation, and at least one act contributing to it occurred within the 300 days before Plaintiff filed her Charge.

**SIXTY:** Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights.

**SIXTY-ONE:** Defendant's conduct caused Plaintiff the damages described in paragraph 36.

## <u>FOR A FIFTH CAUSE OF ACTION</u>

## RETALIATION – TITLE VII, 42 U.S.C. §2000e-3(a)

**SIXTY-TWO:** Plaintiff incorporates paragraphs 1 through 36 as if fully set forth in this count.

**SIXTY-THREE:** Plaintiff engaged in activity protected by Title VII by opposing practices she reasonably and in good faith believed were unlawful, including by:

a. reporting the discriminatory recordings to Mr. Jolly and Mr. Mixon;
b. submitting her written complaint to Human Resources on June 9, 2025;
c. submitting her written rebuttal on August 6, 2025;
d. complaining that men hired after her received raises and training she was denied, as discrimination because of her sex.

**SIXTY-FOUR:** Defendant knew of this protected activity.

**SIXTY-FIVE:** Defendant took materially adverse actions against Plaintiff that would dissuade a reasonable worker from complaining of discrimination, including:

a. reassigning her to a worksite approximately two hours farther away;

b. issuing her a written reprimand on August 4, 2025;

c. cutting her hours roughly in half; and

d. terminating her employment on August 18, 2025.

**SIXTY-SIX:** Defendant took these actions because of Plaintiff's protected activity. The reprimand came eight weeks after her June 9 complaint. The termination came twelve days after her rebuttal, and Defendant now relies on the contents of that rebuttal as a reason for it. The reassignment, reprimand, reduction in hours, and termination followed one another in close succession. But for Plaintiff's protected activity, Defendant would not have taken these actions.

**SIXTY-SEVEN:** The reasons Defendant has offered for these actions are pretext, as alleged in paragraph 35.

**SIXTY-EIGHT:** Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights.

**SIXTY-NINE:** Defendant's conduct caused Plaintiff the damages described in paragraph 36.

## <u>FOR A SIXTH CAUSE OF ACTION</u>

### RACE DISCRIMINATION AND RETALIATION – 42 U.S.C. §1981

**SEVENTY:** Plaintiff incorporates paragraphs 1 through 36 as if fully set forth in this count.

**SEVENTY-ONE:** 42 U.S.C. §1981 protects Plaintiff's right to make and enforce employment contracts free from race discrimination and from retaliation for opposing it.

**SEVENTY-TWO:** Defendant intentionally discriminated against Plaintiff because of her race by subjecting her to discriminatory and disparaging audio recordings and streams played by her similarly situated Caucasian coworker, reassigning her and cutting her hours, and terminating her employment.

**SEVENTY-THREE:** Defendant retaliated against Plaintiff for opposing race discrimination by reassigning her, reprimanding her, cutting her hours, and terminating her. But for Plaintiff's race and her opposition to race discrimination, Defendant would not have taken these actions.

**SEVENTY-FOUR:** Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights.

**SEVENTY-FIVE:** Plaintiff is entitled to compensatory and punitive damages under §1981, which are not subject to the limits in 42 U.S.C. §1981a(b)(3).

## FOR A SEVENTH CAUSE OF ACTION

### EQUAL PAY ACT – 29 U.S.C. §206(d)

**SEVENTY-SIX:** Plaintiff incorporates paragraphs 1 through 36 as if fully set forth in this count.

**SEVENTY-SEVEN:** Defendant paid Plaintiff less than it paid male employees at the same establishment for equal work on jobs requiring equal skill, effort, and responsibility, performed under similar working conditions.

**SEVENTY-EIGHT:** The pay difference is not justified by a seniority system, a merit system, a system measuring earnings by quantity or quality of production, or any factor other than sex.

**SEVENTY-NINE:** Defendant's violation was willful. Defendant knew, or showed reckless disregard for whether, its conduct violated the EPA.

**EIGHTY:** Plaintiff is entitled to her unpaid wages and an equal amount as liquidated damages, together with attorney's fees and costs. 29 U.S.C. §216(b).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant and award her the following:

1. A declaration that Defendant's acts and practices violated Title VII, 42 U.S.C. §1981, and the Equal Pay Act;
2. Back pay and lost benefits, with prejudgment interest, in an amount to be determined by the jury;
3. Reinstatement or, in lieu of reinstatement, front pay in an amount to be determined by the Court;
4. Compensatory damages for emotional distress, humiliation, and other non-pecuniary losses, in an amount to be determined by the jury;
5. Punitive damages, in an amount to be determined by the jury;
6. Unpaid wages under the Equal Pay Act and an equal amount as liquidated damages;
7. Injunctive relief barring further discrimination, harassment, and retaliation;
8. Reasonable attorney's fees, expert fees, and costs under 42 U.S.C. §§1988 and 2000e-5(k) and 29 U.S.C. §216(b);
9. Post-judgment interest; and
10. Such other relief as the Court deems just and proper.

## **JURY TRIAL DEMANDED**

Under Federal Rule of Civil Procedure 38(b) and 42 U.S.C. §1981a(c), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

WIGGER LAW FIRM, INC.

s/ Matthew O. King
Matthew O. King (Fed. I.D. #13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800
mking@wiggerlawfirm.com

North Charleston, South Carolina
November 2, 2026